```
 1  Jeffry A. Davis (SBN 103299)
    Joseph R. Dunn (SBN 238069)
 2  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
    3580 Carmel Mountain Road, Suite 300
 3  San Diego, CA 92130
    Tel:  858-314-1500
 4  Fax:  858-314-1501
 5  Attorneys for Trustee
    Leslie T. Gladstone
 6
 7
```

## UNITED STATES BANKRUPTCY COURT

### Southern District of California

| | |
|---|---|
| In re<br><br>CREATIVE CAPITAL LEASING GROUP, LLC,<br><br>Debtor. | Case No. 07-04977-PB7<br><br>Chapter 7<br><br>Lead Case<br>Adv. Proc. No. 09-90468 |
| LESLIE T. GLADSTONE, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>DAVID WINICK,<br><br>Defendant. | Consolidated Cases<br>Adv. Proc. No. 09-90462<br>Adv. Proc. No. 09-90465<br><br>**DECLARATION OF LESLIE T. GLADSTONE IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Dept:    4<br>Judge:   Peter W. Bowie |

I, Leslie T. Gladstone, declare:

1. I am the duly-appointed chapter 7 trustee for Creative Capital Leasing Group, LLC (the "Debtor"). The statements contained herein are true and correct to the best of my knowledge. I can testify to the facts herein based on personal knowledge.

2. I make this declaration in support of my Request (the "Request") for Entry of Default Judgment against David Winick (the "Defendant") in adversary proceeding numbers 09-90462 (the "First Bank Adversary"), 09-90465 (the "MB Adversary") and 09-90468 (the "Winick Adversary"),

5430504v.1

which cases have been procedurally consolidated, with the Winick Adversary serving as the lead case.

3. In the First Bank Adversary, I seek entry of a default judgment against the Defendant in the amount of $240,444.47. The Debtor's books and records reflect that transfers totaling at least $344,131.97 were made to First Bank & Trust Company of Illinois, an Illinois banking corporation dba First Bank Illinois and First Bank/Illinois ("First Bank") from the Debtor's funds. Attached hereto as **Exhibit A** is a list of these transfers. Attached hereto as **Exhibit B** are true and correct copies of cancelled checks, wire receipts and bank statements showing the transfers made to First Bank, with notations made on such documents to identify the transfer at issue. The default judgment sought in the Request accounts for the collection by the estate of $103,687.50 pursuant to a settlement with the other defendants in the First Bank Adversary.

4. In the MB Adversary, I seek entry of a default judgment against the Defendant in the amount of $635,111.31. The Debtor's books and records reflect that transfers totaling at least $968,923.81 were made to MB Financial Bank, NA or MB Financial, Inc. (collectively, "MB Financial") from the Debtor's funds. Attached hereto as **Exhibit C** is a list of these transfers. Attached hereto as **Exhibit D** are true and correct copies of cancelled checks, wire receipts and bank statements reflecting the transfers made to MB Financial. The default judgment sought in the Request accounts for the collection by the estate of $333,812.50 pursuant to a settlement with the other defendants in the MB Adversary.

5. In the Winick Adversary, I seek entry of a default judgment against the Defendant based on (1) transfers of the Debtor's funds made directly to the Defendant in the amount of $231,242.00, and (2) transfers of the Debtor's funds in the amount of $5,025,423.19 to the following entities for the benefit of Defendant and his family members: (a) American Express; (b) Bank of Jerusalem; (c) BMW; (d) Chase; (e) Citi; (f) HSBC; (g) MBNA; (h) Michael Winick; (i) Stanford and Associates; (j) Wells Fargo Bank, N.A.; and (k) Wells Fargo Home Mortgage.

6. The Debtor's books and records reflect that transfers totaling at least $1,391,333.93 were made to American Express Company, American Express Travel Related Services Company, Inc., American Express Bank, FSB or American Express Centurion Bank (collectively, "Amex")

-2-

5430504v.1

from the Debtor's funds. Attached hereto as **Exhibit E** is a list of these transfers. Attached hereto as **Exhibit F** are true and correct copies of cancelled checks, wire receipts and bank statements reflecting the transfers made to Amex.

7. The Debtor's books and records reflect that transfers totaling at least $356,500.00 were made to Bank of Jerusalem, Ltd., dba Bank of Jerusalem ("Bank of Jerusalem") from the Debtor's funds. Attached hereto as **Exhibit G** is a list of these transfers. Attached hereto as **Exhibit H** are true and correct copies of cancelled checks, wire receipts and bank statements reflecting the transfers made to Bank of Jerusalem.

8. The Debtor's books and records reflect that transfers totaling at least $30,085.92 were made to BMW Financial Services NA, LLC or BMW Bank of North America (collectively, "BMW") from the Debtor's funds. Attached hereto as **Exhibit I** is a list of these transfers. Attached hereto as **Exhibit J** are true and correct copies of cancelled checks, wire receipts and bank statements reflecting the transfers made to BMW.

9. The Debtor's books and records reflect that transfers totaling at least $205,342.78 were made to JPMorgan Chase & Co. dba JPMorgan Chase Bank NA, Chase Bank, and/or Bank One, JPMorgan Chase Bank dba Chase Bank and/or Bank One, J.P. Morgan Chase National Corporate Services, Inc. dba Chase Bank, Bank One and/or JPMorgan Chase Bank (collectively, "Chase") from the Debtor's funds. Attached hereto as **Exhibit K** is a list of these transfers. Attached hereto as **Exhibit L** are true and correct copies of cancelled checks, wire receipts and bank statements reflecting the transfers made to Chase.

10. The Debtor's books and records reflect that transfers totaling at least $1,421,416.88 were made to Citigroup, Inc., Citibank USA, NA aka Citibank, NA aka Citibank USA, Citibank Corporation, Citibank Credit Card Issuance Trust, Citibank (South Dakota), NA (collectively, "Citi") from the Debtor's funds. Attached hereto as **Exhibit M** is a list of these transfers. Attached hereto as **Exhibit N** are true and correct copies of cancelled checks, wire receipts and bank statements reflecting the transfers made to Citi.

11. The Debtor's books and records reflect that transfers totaling at least $9,192.15 were made to HSBC Card Services, Inc., HSBC Holdings PLC, HSBC Bank USA NA, HSBC Holding,

-3-

5430504v.1

Inc. and HSBC Finance Corporation (collectively, "HSBC") from the Debtor's funds. Attached hereto as **Exhibit O** is a list of these transfers. Attached hereto as **Exhibit P** are true and correct copies of cancelled checks, wire receipts and bank statements reflecting the transfers made to HSBC.

12. The Debtor's books and records reflect that transfers totaling at least $932,585.13 were made to Bank of America, N.A., MBNA America Bank, N.A., MBNA Corp., Bank of America Card Services and FIA Card Services, N.A. (collectively, "MBNA") from the Debtor's funds. Attached hereto as **Exhibit Q** is a list of these transfers. Attached hereto as **Exhibit R** are true and correct copies of cancelled checks, wire receipts and bank statements reflecting the transfers made to MBNA.

13. The Debtor's books and records reflect that transfers totaling at least $346,522.65 were made to Michael Winick from the Debtor's funds. Attached hereto as **Exhibit S** is a list of these transfers. Attached hereto as **Exhibit T** are true and correct copies of cancelled checks, wire receipts and bank statements reflecting the transfers made to Michael Winick.

14. The Debtor's books and records reflect that transfers totaling at least $40,000.00 were made to Stanford and Associates from the Debtor's funds. Attached hereto as **Exhibit U** is a list of these transfers. Attached hereto as **Exhibit V** are true and correct copies of cancelled checks, wire receipts and bank statements reflecting the transfers made to Stanford and Associates.

15. The Debtor's books and records reflect that transfers totaling at least $102,554.49 were made to Wells Fargo Bank, N.A. ("Wells Fargo Bank") from the Debtor's funds. Attached hereto as **Exhibit W** is a list of these transfers. Attached hereto as **Exhibit X** are true and correct copies of cancelled checks, wire receipts and bank statements reflecting the transfers made to Wells Fargo Bank.

16. The Debtor's books and records reflect that transfers totaling at least $189,889.26 were made to Wells Fargo Home Mortgage, Inc. ("Wells Fargo Home Mortgage") from the Debtor's funds. Attached hereto as **Exhibit Y** is a list of these transfers. Attached hereto as **Exhibit Z** are true and correct copies of cancelled checks, wire receipts and bank statements reflecting the transfers made to Wells Fargo Home Mortgage.

17. The Debtor's books and records reflect that fraudulent and preferential transfers

-4-

5430504v.1

1 | totaling at least $231,242.00 were made to the Defendant from the Debtor's funds. Attached hereto
2 | as **Exhibit AA** is a list of these transfers. Attached hereto as **Exhibit AB** are true and correct copies
3 | of cancelled checks, wire receipts and bank statements reflecting the fraudulent and preferential
4 | transfers made to the Defendant.

    18.    The Debtor's estate paid filing fees totaling $750 to commence the First Bank, MB and Winick Adversaries ($250 each).

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on July 25, 2011 at La Jolla, California.

_____
Leslie T. Gladstone

-5-

5430504v.1